**THIS DISPOSITION IS
CITABLE AS PRECEDENT OF THE
TTAB**                                        NOV. 6,98

Paper No. 11
PTH

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re U.S. Cargo, Inc.
_____

Serial No. 74/663,449
_____

Ryan M. Fountain for U.S. Cargo, Inc.

Dominic J. Ferraiuolo, Trademark Examining Attorney, Law
Office 102 (Thomas V. Shaw, Managing Attorney).
_____

Before Seeherman, Hairston and Wendel, Administrative
Trademark Judges.

Opinion by Hairston, Administrative Trademark Judge:

This is an appeal from the Trademark Examining

Attorney's final refusal to register the mark U.S. CARGO

for "towable trailers for carrying cargo and vehicles and

for commercial purposes."[1]

_____

[1] Application Serial No. 74/663,449 filed April 20, 1995;
alleging a bona fide intention to use the mark in commerce.

The Examining Attorney refused registration under Section 2(e)(2) of the Trademark Act on the ground that the mark is primarily geographically descriptive of applicant's goods.

Applicant and the Examining Attorney have filed briefs[2], but no oral hearing was requested.

In order for registration to be properly refused under Section 2(e)(2) of the Trademark Act, it is necessary to establish that the primary significance of the mark sought to be registered is the name of a place generally known to the public and that the public would make a goods/place association, that is, believe that the goods for which the mark is sought to be registered originate in that place. See In re California Pizza Kitchen Inc., 10 USPQ2d 1704, 1705 (TTAB 1988), citing In re Societe Generale des Eaux Minerales de Vittel S.A., 824 F.2d 957, 3 USPQ2d 1450, 1452 (Fed. Cir. 1987). Provided that these conditions are met, and the goods come from the place named by or in the mark, the mark is primarily geographically descriptive.

---

[2] Applicant submitted for the first time with its reply brief, print-outs of third-party registrations for marks which include the term "U.S." Trademark Rule 2.142(d) provides that the record in an application should be complete prior to the filing of an appeal and the Board will ordinarily not consider evidence submitted after the appeal is filed. In view thereof, the third-party registrations have not been considered. We hasten to add that even if considered, the registrations would not be persuasive of a different result in this case.

Moreover, where there is no genuine issue that the geographical significance of a term is its primary significance, and where the geographical place named by the term is neither obscure nor remote, a public association of the goods with the place may ordinarily be presumed from the fact that the applicant's goods come from the geographical place named in the mark. See, e.g., In re Handler Fenton Westerns, Inc., 214 USPQ 848, 850 (TTAB 1982).

The Examining Attorney maintains that because "U.S." connotes the United States, a geographical location which is neither obscure or remote, and applicant is located in the United States, a prima facie case has been made for the primary geographic significance of "U.S." Further, the Examining Attorney contends that the term CARGO is highly descriptive or generic for applicant's goods, and that the addition of this term does not render the phrase sought to be registered as a whole not geographical.

Applicant, on the other hand, argues that "U.S." is similar to the term "world", in that, "it is too broad a term to suggest any identifiable unit or place of origin to consumers within the United States"; that the Examining Attorney has offered no evidence that the United States is known or noted for goods of the type involved in this

3

appeal; and that the word CARGO is neither highly descriptive or generic of applicant's goods. Further, applicant argues that when the mark is viewed as a whole, several connotations are possible, i.e., official government cargo, cargo from the United States, or cargo for shipment to the United States, but that applicant's particular goods, towable trailers, do not come to mind.

After careful consideration of the arguments herein, we find that the mark U.S. CARGO, when viewed in its entirety, projects a primarily geographic significance. We find no merit to applicant's argument that "U.S." is too broad a term to suggest any identifiable place of origin. Unlike the term "world," "U.S." identifies a specific geographic location. Although the Examining Attorney offered no evidence in the way of dictionary definitions, we may take judicial notice of the fact that "U.S." means the United States, and that the United States is a geographic area with defined boundaries.[3] Indeed, we believe the exclusive significance of "U.S." to most purchasers would be the geographic area. Also, we find no merit in applicant's argument that the mark is not barred under Section 2(e)(2) because there is no evidence that the

---

[3] Webster's New World Dictionary (3d coll. ed. 1997) at 1469 defines "U.S." as "United States."

United States is known or noted for the manufacture of towable trailers. It is well established that a place need not be well known or noted for the goods for a goods/place association to be found. In re Loew's Theaters, Inc., 769 F.2d 764, 226 USPQ 865 (Fed. Cir. 1985); and In re Nantucket, Inc., 677 F.2d 95, 213 USPQ 889 (CCPA 1982). The applicant here is located in Goshen, Indiana, and it is reasonable to assume that applicant's goods will come from the United States. Applicant has not indicated to the contrary. Therefore, we may presume a goods/place association. Thus, whether the mark U.S. CARGO, when considered in its entirety, is primarily geographically descriptive of applicant's goods is dependent upon the impact of the word CARGO in the mark.

As noted by the Examining Attorney, the Board has held that the addition of highly descriptive or generic matter to the name of a geographic location generally does not alter the primary significance of the mark. See, e.g., In re Chalk's International Airlines Inc., 21 USPQ2d 1637, 1639 (TTAB 1991) [PARADISE ISLAND AIRLINES is primarily geographically descriptive of transporting passengers and goods by air]; and In re Cambridge Digital Systems, 1 USPQ2d 1659, 1662 (TTAB 1986) [CAMBRIDGE DIGITAL is primarily geographical descriptive of computer systems].

In this case, one of the functions of applicant's towable trailers is carrying cargo.  In fact, applicant's goods may be described as cargo trailers.  The impact, therefore, of the term CARGO in applicant's mark is one of referring to applicant's trailers themselves, and not the cargo being carried in the trailers.  Thus, purchasers and prospective purchasers of applicant's towable trailers are unlikely to believe that U.S. CARGO connotes cargo itself.  Rather, such individuals are likely to believe that the mark connotes a "U.S. cargo trailer."  We find, therefore, that the mark U.S. CARGO projects a primarily geographic significance when applied to towable trailers for carrying cargo and vehicles and for commercial purposes.  The fact that applicant elected to not include the term "trailer" in the mark sought to be registered cannot avoid the refusal. See, e.g., In re Central Sprinkler Company,_____ USPQ2d _____ (TTAB 1998) [The fact that applicant chose to not include the term "sprinkler" in the mark ATTIC did not avoid a finding of genericness, where the goods were automatic sprinklers for fire protection of attics].

**Decision:** The refusal to register under Section 2(e)(2) of the Trademark Act is affirmed.


E. J. Seeherman


P. T. Hairston


H. R. Wendel
Administrative Trademark
Judges, Trademark Trial and
and Appeal Board